```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
BROTHER'S MINI MARKET INC. et al.,                                     :
                                                                       :
                                Plaintiffs,                            :
                                                                       :            23-CV-10646 (JMF)
                -v-                                                    :
                                                                       :            MEMORANDUM OPINION
UNITED STATES DEPARTMENT OF                                            :            AND ORDER
AGRICULTURE, FOOD AND NUTRITION SERVICE,                               :
                                                                       :
                                Defendant.                             :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiffs Fares Al Gabbari and Brother's Mini Market Inc. bring this action — pursuant to the Food and Nutrition Act ("FNA") of 2008, 7 U.S.C. §§ 2011–2036a — seeking judicial review of a decision by the U.S. Department of Agriculture ("USDA") and its subagency, the Food and Nutrition Service ("FNS"), to disqualify the store from the Supplemental Nutrition Assistance Program ("SNAP") for six months. The Government now moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss for lack of subject-matter jurisdiction and failure to state a claim. See ECF No. 18. More specifically, the Government contends that the Court lacks subject-matter jurisdiction for two independent reasons: first, because the United States has not waived sovereign immunity for suits against the USDA, which is the only named Defendant, see ECF No. 20 ("Gov't Mem."), at 13-14; and second, because Plaintiffs failed to exhaust their administrative remedies, as required by 7 U.S.C. § 2023(a), see Gov't Mem. 7-13. The Court agrees that subject-matter jurisdiction is lacking for the first reason and concludes that leave to amend would be futile for the second reason. Accordingly, and for the reasons that follow, the Government's motion must be and is granted.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Navajo Nation*, 537 U.S. 488, 502 (2003) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  Moreover, "waivers of sovereign immunity must be strictly construed and limited in scope in favor of the sovereign." *Cooke v. United States*, 918 F.3d 77, 82 (2d Cir. 2019).  As relevant here, the United States has expressly waived sovereign immunity for suits under the FNA.  *See* 7 U.S.C. § 2023(a)(13) (providing for suits "against the United States").  But the "United States has *not* waived the defense of sovereign immunity with respect to claims brought against the USDA, FNS or its officials under the [FNA]." *Arias v. United States*, No. 13-CV-8542 (HBP), 2014 WL 5004409, at *14 (S.D.N.Y. Sept. 29, 2014); *see also Capellan v. United States*, No. 17-CV-9342 (AT), 2020 WL 1047907, at *3 (S.D.N.Y. Mar. 4, 2020) (dismissing SNAP-related claims against the USDA); *Muazeb v. United States*, No. 17-CV-6754 (DF), 2019 WL 1613433, at *7 (S.D.N.Y. Mar. 28, 2019) (same).  It follows that "the only proper defendant in this case" would have been the United States — an entity Plaintiffs failed to name altogether.  *Arias*, 2014 WL 5004409, at *14.  Accordingly, the Court lacks subject-matter jurisdiction over this suit as pleaded.  *See, e.g.*, *Kassem v. United States*, No. 02-CV-0546, 2003 WL 21382906, at *3 (W.D.N.Y. Apr. 15, 2003) ("Inasmuch as the USDA – as opposed to the United States – is the only named defendant, this action fails for lack of subject matter jurisdiction.").

Further, Plaintiffs cannot cure the problem by way of amending the Complaint to substitute the United States as Defendant or otherwise.[1]  That is because, as the Government

---

[1] In similar circumstances, some courts have simply substituted the United States as the defendant. *See, e.g.*, *D & A Fam. Deli Inc. v. United States*, No. 23-CV-2231 (AT), 2024 WL 81571, at *1 n.1 (S.D.N.Y. Jan. 8, 2024); *Quick Korner Mkt. v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 685 n.1 (S.D. Cal. 2016); *Santana v. U.S. Dep't of Agric.*, No. 11-CV-5033 (ENV), 2012 WL 2930223, at *2 n.5 (E.D.N.Y. July 18, 2012); *Singh v. U.S. Dep't of Agric.*, No. 07-C-1156, 2008 WL 8866072, at *1 n.1 (E.D. Wis. July 30, 2008); *see also 1976 J.J. Deli Grocery Corp. v. Food & Nutrition Serv.*, No. 20-CV-10203 (CM), 2021 WL

2

argues, Plaintiffs failed to exhaust their administrative remedies.[2]  Section 2023(a)(3) provides that, upon receiving notice of a disqualification — as Plaintiffs did on or about August 29, 2022, Compl. ¶¶ 8, 10 — a retail store has ten days to "file a written request for an opportunity to submit information in support of its position," 7 U.S.C. § 2023(a)(3).  Section 2023(a)(4) then provides that if a store fails to make such a request "or if [the] store . . . fails to submit information in support of its position after filing a request, the administrative determination shall

---

2434466, at *1 (S.D.N.Y. June 15, 2021) (stating in dictum that, but for another fatal defect in the plaintiff's case, the court would have "deem[ed] the complaint as filed against the United States").  The Court is unaware of any authority allowing a court to take that step.  Congress has by statute authorized substitution of the United States for a federal *employee* in certain circumstances.  *See* 28 U.S.C. § 2679(d)(2).  And, of course, the Federal Rules of Civil Procedure authorize substitution of one defendant for another in the event of death, incompetency, transfer of an interest, or separation of a public officer from her office.  *See* Fed. R. Civ. P. 25.  But there does not appear to be any provision or authority allowing for substitution of the United States for a federal agency where, as here, the United States has waived sovereign immunity only for suits against itself, not the agency.  (Notably, of the cases cited above, only one — *D & A Family Deli* — cites any authority — namely, *Santana* — for the propriety of substitution in these circumstances.  But *Santana* does not, in turn, proffer any authority.  Moreover, *Santana* involved a *pro se* plaintiff, so substitution was arguably a product of the court's obligation to construe the complaint liberally.  No such obligation exists here.)  In any event, the Court need not and does not decide the issue for the reasons that follow.

[2]      The Government argues that failure to exhaust is a jurisdictional defect.  *See* Gov't Mem. 7-9.  For the reasons ably explained by Judge Torres in *D & A Family Deli*, however, the Court concludes that the relevant provision, Section 2023(a)(4), is not jurisdictional but rather a "claim-processing rule."  2024 WL 81571, at *4.  Admittedly, Judge Torres's ruling is contrary to a host of cases holding that the statute "is a jurisdictional provision constituting a limited waiver of sovereign immunity."  *Ade v. United States*, No. 13-CV-2334 (WHP), 2014 WL 1333672, at *2 (S.D.N.Y. Mar. 31, 2014) (collecting cases).  But most, if not all of these cases — many of which are cited by the Government here, *see* Gov't Mem. 8-10 — predated *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023), in which the Supreme Court underscored that an exhaustion requirement is a "quintessential claim-processing rule" and that a court should not treat such a requirement as jurisdictional absent "unmistakable evidence, on par with express language addressing the court's jurisdiction."  598 U.S. at 417-18.  As in *Santos-Zacaria*, "[n]othing close appears here."  *Id.* at 418.  That is, "Section 2023(a)(4) contains no clear statement that failure to exhaust administrative remedies forecloses a court's jurisdiction."  *D & A Fam. Deli*, 2024 WL 81571, at *4.  It follows that the Government's exhaustion argument is a merits argument, not a jurisdictional argument — though it can be considered here in connection with deciding whether Plaintiffs should be granted leave to amend, notwithstanding the usual rule that the Court cannot consider merits issues if it lacks jurisdiction.

be final." *Id.* § 2023(a)(4). Plaintiffs do not appear to dispute — as many courts have held — that, if Section 2023(a)(4) applies, there is no right of judicial review. *See, e.g.*, *Khan v. United States*, No. 16-CV-0209, 2016 WL 3220523, at *3 (W.D. Pa. June 10, 2016) (holding that failure to exhaust precludes judicial review, noting "the stark contrast" between Section 2023(a)(4), which "is silent on the issue of 'right of judicial review,'" and Section 2023(a)(5), which "specifically states, 'subject to the right of judicial review hereinafter provided, make a determination which shall be final'" (emphasis omitted)). Nor do they contend that they submitted any "information in support of [their] position *after* filing a request" for review of the August 29, 2022 determination. 7 U.S.C. § 2023(a)(4) (emphasis added). To the contrary, the Complaint makes plain that they failed to do so. *See* Compl. ¶ 11 (incorporating by reference an attached letter from the USDA confirming Plaintiffs' six-month disqualification); ECF No. 1-2, at 2-3 (the USDA's letter explaining that the disqualification was final because "no information supporting the administrative review request [had] been received").³ Instead, Plaintiffs' sole contention is that Section 2023(a)(4) does not apply because they submitted information, by letters dated July 7 and August 3, 2022, in response to FNS's initial letter about the investigation. *See* ECF No. 23 ("Pls.' Opp'n"), at 2; Compl. ¶ 7. But that argument flies in the face of Section 2023(a)(4)'s plain language, which explicitly includes the word "after" and, thus, does not

---

³ Plaintiffs do allege in their Complaint that they "*timely* requested administrative review of the defendant agency's final determination and submitted a brief setting forth the reasons the agency's determination is unsupported by competent or credible evidence." Compl. ¶ 10 (emphasis added). But that is the type of conclusory allegation that a court need not credit on a motion to dismiss. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also, e.g.*, *Alexander v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 107 F. Supp. 3d 323, 331 (S.D.N.Y. 2015) ("Where . . . the allegations pled in the complaint are 'contradicted by documents on which the complaint relies' the reviewing court 'need not accept as true an allegation' pled nor draw inferences in its favor."), *aff'd*, 648 F. App'x 118 (2d Cir. 2016). And in any event, Plaintiffs concede in their opposition to the Government's motion what the attachment to their Complaint shows: that they did not submit any information in support of their position *after* submitting their request for review under Section 2023(a)(3).

4

include submissions predating the notice of disqualification, such as Plaintiffs' July 7 and August 3, 2022 letters. It follows that substituting the United States for the USDA would be futile and, thus, leave to amend is denied. *See, e.g., Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (per curiam).[4]

For the foregoing reasons, the Government's motion to dismiss is GRANTED and leave to amend is denied. The Clerk of Court is directed to enter judgment for Defendant, to terminate ECF No. 18, and to close this case.

SO ORDERED.

Dated: May 31, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[4] To be clear, in reaching that conclusion the Court does not consider, because it may not consider, the extrinsic evidence submitted by the Government, except insofar as it is incorporated by reference in, or integral to, the Complaint. It should also be noted that the Government is wrong in arguing that Plaintiffs "must allege that [they] exhausted administrative remedies." Gov't Mem. 14. Exhaustion is a defense, which means that Plaintiffs need not affirmatively plead exhaustion and that a motion to dismiss for failure to state a claim granted should be granted (or, in this posture, leave to amend should be denied on the ground of futility) "only if the failure to exhaust . . . 'is clear from the face of the complaint.'" *D & A Fam. Deli*, 2024 WL 81571, at *4 (quoting *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 581 (S.D.N.Y. 2015); *see, e.g., Jones v. Bock*, 549 U.S. 199, 212 (2007) (noting that "the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense"); *see also, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (explaining in comparable circumstances that "[a]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)"). Here, for the reasons discussed above, the failure to exhaust *is* clear from the face of the Complaint.